**MISSOURI PUBLIC SERVICE COMPANY, Appellant,**

v.

**HENNINGSEN STEEL PRODUCTS CO., INC., Appellee.**

No. 79-1271.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 5, 1979.

Decided Jan. 3, 1980.

Harry P. Thomson, Jr. and Thomas G. Kokoruda, Shughart, Thomson & Kilroy, Kansas City, Mo., and Judith P. Rea, Missouri Public Service Co., Kansas City, Mo., for appellant.

Clyde G. Meise, and Mark A. Thornhill, Meise, Cope & Coen, Kansas City, Mo., for appellee.

Before LAY, BRIGHT and McMILLIAN, Circuit Judges.

BRIGHT, Circuit Judge.

Missouri Public Service Company (MPS), plaintiff-appellant, brought this separate action for indemnity or contribution against Henningsen Steel Products Company (Henningsen), defendant-appellee, in state court. The case was removed to federal court and then dismissed on Henningsen's motion. MSP brings this appeal. We affirm.

I. *Factual and Procedural Background.*

MPS commenced the present suit seeking indemnity or contribution from Henningsen for potential MPS liability as a defendant in another lawsuit brought against MPS (and others) by one Donald Conlon. Donald Conlon had sustained severe burns when his body came into contact with an MPS high voltage wire located near the construction site where he was working. In the underlying lawsuit, Conlon had sued MPS and the owner of the building on the site, Royal Industries, Inc., in federal district court.

At the time of the accident, Conlon was working for Henningsen, an Iowa contractor. Conlon resided in Iowa and claimed workmen's compensation benefits against Henningsen under Iowa law.[1] Henningsen's workmen's compensation insurer has

---

1. Alternatively, Conlon could have claimed benefits under similar statutes in Missouri, the place of the accident. *See* Mo.Ann.Stat. § 287.-110 (Vernon Supp.1979).

commenced benefit payments pursuant to Iowa law.

Iowa workmen's compensation law limits an injured employee's recovery against his employer to workmen's compensation benefits. Iowa Code Ann. § 85.3(1) (West Supp. 1979). Iowa does, however, permit an employee to bring action against third party tortfeasors; Iowa law subrogates the employer to the rights of the employee to the extent of the employer's benefit payments. Iowa Code Ann. § 85.22 (West Supp.1979). Missouri similarly limits recovery against employers, allows suits against third parties, and subrogates employers to employee rights to the extent of benefit payments. See Mo.Ann.Stat. §§ 287.120 (Vernon Supp. 1979), 287.150 (Vernon 1965).

MPS, as defendant in Conlon's federal court suit to recover damages for his injuries, filed a third party complaint against the employer, Henningsen. MPS sought indemnity from Henningsen on two theories:

1) Any liability incurred by MPS would be the result of a breach of Henningsen's duty to advise MPS that it was constructing a building addition in close proximity to MPS's power lines.

2) Any negligence on the part of MPS was passive, whereas Henningsen's actions must be construed as active negligence—that of creating a dangerous condition.

Henningsen filed a motion to dismiss the third party complaint, asserting that Iowa Code Ann. § 85.3 bars all third party actions for indemnification where the employer-third party defendant has paid workmen's compensation benefits. MPS opposed that motion, contending that Missouri law controls and that Missouri law authorizes a passively negligent party to be indemnified by an actively negligent employer. Alternatively, MPS argued that if the Missouri statute bars the claim, that statutory bar is unconstitutional. MPS also made similar arguments under the Iowa law.

The issues thus framed came before the District Court for the Western District of Missouri (Judge Elmo B. Hunter). Judge Hunter treated Henningsen's motion as one for summary judgment; hence, he considered affidavits, depositions and other matters outside the pleadings. Judge Hunter determined that Iowa law governed the right of MPS to assert a third party claim against Henningsen and held that Iowa law does not permit indemnity on a theory of active versus passive negligence.[2] Although Iowa law recognizes a right to indemnity arising out of an independent duty owed by an employer to a defendant (such as MPS), Judge Hunter determined that no such independent duty appeared from the pleadings and records in this case. Judge Hunter further observed:

In order for an independent duty to establish a basis for indemnity against an employer providing benefits under the Iowa Workmen's Compensation Act, the duty must be of a specific, defined nature. *Hysell v. Iowa Public Service Co., supra,* [8th Cir.] 534 F.2d [775] at 782; see *Western Cas. & Sur. Co. v. Grolier, Inc., supra* [8th Cir., 501 F.2d 434]. Under the facts of this case, where there was no agreement, express or implied, requiring Henningsen to inform MPS of the construction, and no relationship between Henningsen and MPS from which a duty to indemnify might arise, Henningsen owed MPS only the general duty that every member of society owes to every other member—the duty not to harm him through tortious acts. "Such a general duty does not support a right of indemnity in a case where the would-be indemnitor is an 'employer' covered by the Workmen's Compensation Law." *Western Cas. & Sur. Co. v. Grolier, Inc., supra,* 501 F.2d at 438.

Thus, under Iowa law and the facts presented herein, MPS has no right of action for indemnity against Henningsen.

---

**2.** *See Iowa Power & Light Co. v. Abild Construction Co.,* 259 Iowa 314, 144 N.W.2d 303 (1966).

Judge Hunter also ruled against MPS on its constitutional claim that the Iowa statute violates due process and equal protection rights of MPS. Based on his reading of *Blackford v. Sioux City Dressed Pork, Inc.*, 254 Iowa 845, 118 N.W.2d 559 (1962), and *Iowa Power & Light Co. v. Abild*, 259 Iowa 314, 144 N.W.2d 303 (1966), Judge Hunter concluded that Iowa law does not unreasonably restrict indemnity actions against employers and "[t]he fact that Iowa law does not provide a right of indemnity in situations of active-passive negligence does not render [Iowa Code Ann.] § 85.1 *et seq.* unconstitutional."

Accordingly, Judge Hunter ruled that MPS could not press its indemnity claim under Iowa law and dismissed MPS's third party action against Henningsen. Judge Hunter's interlocutory order could not be appealed, as Judge Hunter declined to issue a certificate permitting an appeal under 28 U.S.C. § 1292(b).

MPS thereafter sought an alternative avenue of relief for its indemnity-contribution claim against Henningsen by instituting the instant separate action for indemnity in a Missouri state court. Henningsen removed the case to federal court and moved for dismissal of the action. That motion and other matters came before Judge William R. Collinson. Although the issues on Henningsen's motion for dismissal were the same as those on the prior motion before Judge Hunter, MPS reiterated its contention that Missouri law governed the controversy and added that a recently announced decision of the Missouri Supreme Court, *Missouri Pacific Railroad Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo.Sup.Ct. 1978) (*en banc*), permitted the third party action.

Judge Collinson disagreed and in an unpublished opinion reasoned as follows:

MPS does not contend that the issues in this separate action against Henningsen are in any way different from the issues in its third-party claim which was previously dismissed. Its contention is that Missouri law governs the controversy and that under the principles set forth

in *Whitehead & Kales* it is entitled to assert a claim for non-contractual indemnity against Henningsen. Assuming without deciding that Missouri law governs the presented issues, the Court holds that there is no legal basis for MPS' claim and, accordingly, Henningsen's motion for summary judgment will be granted.

It is undisputed that Henningsen, as plaintiff Conlon's employer, has made premium payments to a workman's compensation insurance carrier. The insurer made certain payments to plaintiff Conlon on behalf of Henningsen. The Court holds that these payments discharge any liability of Henningsen based on Conlon's injuries in the absence of an independent duty, such as an express or implied contractual obligation. No such duty has been alleged or shown to exist in this case.

Prior to *Whitehead & Kales*, an employer could not be joined as a third-party defendant in an action against a putative tortfeasor, in the absence of the breach of an independent duty, when the employer had complied with the relevant provisions of the Missouri Workman's Compensation Act. *Kansas City Southern Ry. v. Payway Feeds*, 338 S.W.2d 1 (Mo.1960). In *McDonnell Air Corp. v. Hartman-Hanks-Walsh P. Co.*, 323 S.W.2d 788 (Mo.1959), defendants sought to assert a third-party claim against an employer who had complied with its obligations under the Workman's Compensation Act. In denying the right to assert such a claim, the court stated: "We think the language of Sec. 287.120(1), 'shall be released from all other liability *therefor* whatsoever,' means all other liability 'for personal injury or death of the employee. . . .'" *Id.* at 796. The court went on to find an express contract for indemnity and permitted joinder of the employer, but clearly stated that joinder would be inappropriate in the absence of such a finding.

The Court is convinced that the *McDonnell* dicta was not changed by *Whitehead & Kales*. The Missouri Su-

preme Court clearly did not intend to overrule or in any way modify the principles set forth in *McDonnell* since the latter case was cited with approval in the *Whitehead & Kales* opinion. *Missouri Pacific Railroad Co. v. Whitehead & Kales Co., supra* at 470. Furthermore, these principles have been applied in analogous situations in cases subsequent to *McDonnell.* See, *e. g., State ex rel. Laclede Gas Company v. Godfrey,* 468 S.W.2d 693, 699 (Mo.App.1971).

Accordingly, Judge Collinson ordered that a final judgment be entered dismissing the MPS suit for contribution or indemnity. MPS brought this appeal from the judgment, pressing arguments similar to those presented to Judges Hunter and Collinson. On appeal, MPS maintains the following:

> 1) That the record raises at least a question of fact as to whether Henningsen breached an independent duty giving rise to an action for indemnity.

> 2) That any interpretation of workmen's compensation laws which bars the indemnity action is unconstitutional.

> 3) That Missouri law controls and under *Missouri Pacific Railroad Co. v. Whitehead & Kales Co.,* 566 S.W.2d 466 (Mo.Sup.Ct.1978) (*en banc*), MPS may claim partial or total indemnity.

We reject these contentions for reasons set forth below. We deal with these three issues in inverse order.

## II. *Analysis.*

### A. *Indemnity, Total or Partial, Under Missouri Law.*

■ *Whitehead & Kales,* cited by appellant, does not apply. The Missouri Supreme Court has recently made it clear that *Whitehead & Kales* does not authorize a defendant, in a suit brought by one who was injured in the course of employment, to seek contribution or indemnity from the plaintiff's employer. *Missouri ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferris,* 588 S.W.2d 489 (Mo.Sup.Ct.1979) (*en banc*). The Missouri Supreme Court said on this issue:

> The statute, supra, is clear and unambiguous. It operates to release the employer from all other liability. In *McDonnell Air Corp. v. Hartman-Hanks-Walsh P. Co.,* 323 S.W.2d 788 (Mo.1959), the court allowed the non-employer defendant to maintain an indemnity action against the employer of the injured employee but only on the basis that the employer defendant (Hartman) had breached a duty it expressly agreed (contracted) to perform with the non-employer (McDonnell). The rationale of the *McDonnell* case, *supra,* supports the conclusion that, aside from the exception noted therein, the employer is not liable to the non-employer defendant for any sums that non-employer party is liable for to the injured plaintiff-employee in tort. [*Id.* at 490.]

■ The Missouri Supreme Court, relying on *Seaboard Coast Line R. Co. v. Smith,* 359 So.2d 427 (Fla.1978), also rejected the constitutional due process challenge to section 287.120.1, Mo.Rev.Stat.1978, the provision of Missouri law which immunizes an employer from third party liability apart from contractual indemnity.

The *Ferris* case, *supra,* is dispositive of MPS's claims for contribution or indemnity against Henningsen under Missouri law. Accordingly, Judge Collinson did not err in dismissing these claims under Missouri law.

### B. *Indemnity Under Iowa Law.*

■ Similarly, we conclude that, for the reasons adduced by Judge Hunter in his unpublished order of April 10, 1978, as amended April 25, 1978, MPS could not recover contribution or indemnity from Henningsen under Iowa negligence principles.

### C. *Independent Duty.*

■ Finally, we have reviewed the pleadings and record. We agree with the determination of both district judges that the pleadings and record unequivocally show no independent duty, such as an express or implied contractual obligation, that would give rise to a right of indemnity under

either Iowa law (as decided by Judge Hunter) or under Missouri law (as decided by Judge Collinson).

Accordingly, we affirm the judgment dismissing MPS's complaint seeking contribution or indemnity against Henningsen.