Oliver LINSIN, et al., Plaintiffs,

v.

CITIZENS ELECTRIC COMPANY,
Defendant-Third Party
Plaintiff-Appellant,

v.

MISSISSIPPI LIME COMPANY, Third
Party Defendant-Respondent.

No. 42551.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 7, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Nov. 10, 1981.

George E. Lee, Doris J. Banta and Richard Funch, St. Louis, for defendant-third party plaintiff-appellant.

Clinton Roberts, Farmington, Robert Burns, Clayton, St. Louis, for third party defendant-respondent.

Vincent Igo, St. Louis, for plaintiffs.

WEIER, Judge.

This is an appeal from an order granting third party defendant Mississippi Lime Company's motion to dismiss the third party petition of defendant Citizens Electric Company in which Citizens sought indemnity or contribution from Mississippi Lime should damages be awarded to plaintiff Oliver Linsin for personal injuries sustained by him on August 8, 1977. The court designated the order to be final and appealable. We affirm.

Linsin, an employee of third party defendant, sustained serious personal injuries when he was working near a mobile crane in an area that was traversed by defendant's overhead electric lines situated on the employer's premises. The boom of the crane came into contact with the overhead energized electric lines while plaintiff's body was in contact with metallic portions of the crane. These power lines were wholly maintained by Citizens Electric and were used to provide energy solely to Mississippi Lime. A contract existed between the parties under which electric service was furnished by Citizens Electric to Mississippi Lime.

Plaintiff Linsin made a claim against Mississippi Lime Company under the Workmen's Compensation Act. Benefits were paid by Mississippi Lime to Linsin. Plaintiff and his wife filed a petition against Citizens Electric alleging that defendant (1) negligently maintained a power line over the area at a height which was unsafe when defendant knew or should have known that cranes and other cleaning equipment were being used, (2) failed to properly insulate its power line, (3) failed to insulate or alternatively isolate its power line, (4) failed to systematically inspect its power lines for safety purposes, (5) failed to comply with safe practices, (6) failed to warn plaintiff and others of the dangerous conditions existing because of the power lines, (7) failed to guard the power lines to protect persons

in the vicinity, and (8) failed to remove said lines to a nearby uninhabited, unused area. Plaintiff prayed that he be awarded $2,500,000 in actual damages and $2,500,000 in punitive damages.

Defendant then impleaded Mississippi Lime alleging that the third party defendant had in its employ personnel who were skilled in electrical matters and who customarily and regularly maintained contact with defendant's personnel for the purpose of advising defendant as to the electric requirements of third party defendant and that Mississippi Lime's personnel knew that defendant could partly de-energize lines on third party defendant's premises without adversely affecting their energy requirements. Defendant alleged that they relied on and had a right to rely on such skilled personnel of third party defendant and denied the allegations of negligence in plaintiff's petition. Defendant further alleged that third party defendant was negligent in failing to warn plaintiff and in failing to inform them that third party defendant's employees would be working in the area where the energized lines were located. Defendant prayed alternatively for full indemnity or contribution [1] from third party defendant in the event it should be held liable to plaintiff.

Third party defendant filed motions to dismiss or strike the third party petition relying primarily upon the contention that the Workmen's Compensation Act, § 287.120.1, RSMo 1978, operated as a bar to the third party petition. The trial court granted the motion to dismiss and designated such order as final and appealable.

Defendant raises four closely related points on appeal. The focus of these points is that the third party petition stated a cause of action for indemnity arising out of a contractual relationship between Citizens Electric and Mississippi Lime and that the Missouri Workmen's Compensation Act is

not a bar to defendant's third party claim. On appeal defendant no longer contends that it is entitled to contribution under the theory adopted in *Missouri Pacific Railroad Company v. Whitehead & Kales Company,* 566 S.W.2d 466 (Mo.banc 1978) because of the decision in *State of Missouri ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss,* 588 S.W.2d 489 (Mo.banc 1979). The trial court relied on *Maryland Heights, supra,* in granting third party defendant's motion to dismiss.

In *Maryland Heights, supra,* the court dealt with the question whether an employer could be joined as a third party defendant in an action brought by the survivors of an employee against a non-employer defendant under the authority of *Whitehead & Kales, supra.* In making its determination, the court looked to the Workmen's Compensation Act, § 287.120.1, RSMo 1978. The court stated:

"The statute, supra, is clear and unambiguous. It operates to release the employer from all other liability. In *McDonnell Air. Corp. v. Hartman-Hanks-Walsh P. Co.,* 323 S.W.2d 788 (Mo.1959), the court allowed the non-employer defendant to maintain an indemnity action against the employer of the injured employee but only on the basis that the employer defendant (*Hartman*) had breached a duty it expressly agreed (contracted) to perform with the non-employer (*McDonnell*). The rationale of the *McDonnell case, supra,* supports the conclusion that, aside from the exception noted therein, the employer is not liable to the non-employer defendant for any sums that non-employer party is liable for to the injured plaintiff-employee in tort." *Maryland Heights, supra* at 490.

The court then held that § 287.120.1, RSMo 1978, statutorily immunizes the employer from common-law liability to *Maryland Heights Concrete Contractors, Inc.* and *Mis-*

---

1. Indemnity springs from contract (express or implied). The doctrine of contribution is not founded on contract, but is based on the principle that equality of burden as to a common right is equity, and that wherever there is a common right the burden is also common. In an indemnity action full reimbursement is sought and recoverable; in an action for contribution, only ratable or proportional reimbursement. *Missouri District Telegraph Co. v. Southwestern Bell Telephone Co.,* 338 Mo. 692, 93 S.W.2d 19, 23[5–8] (banc 1935).

*souri Pacific Railroad Company v. Whitehead & Kales, supra,* does not remove the immunity. *Id.*

The central issue in this appeal therefore becomes whether defendant's third party claim falls within the exception of *McDonnell Aircraft, supra.* If it does not, the third party claim is barred by § 287.120.1. Defendant relies on *McDonnell, supra,* both for the validity of its cause of action and for the proposition that it is not barred by § 287.120.1.

In *McDonnell, supra,* Hartman's employee was injured by contact with an exposed electric wire while painting McDonnell's plant under a contract between McDonnell and Hartman. The employee received workmen's compensation benefits from his employer and sued McDonnell for his injuries. This action resulted in a judgment against McDonnell which was settled with plaintiff. McDonnell sought to recover from Hartman on a third party petition.

The painting contract in *McDonnell, supra,* called for Hartman " 'to perform and furnish all the necessary labor and equipment, including supervision, required to paint the structural steel roof supports, heating conduits, pipes, upper walls and ceilings of McDonnell's factory buildings.' " McDonnell's second amended third party petition went on to allege that both parties when entering into the contract were aware of exposure and possible danger of contact with highpowered electric lines necessary to the operation of overhead cranes and manufacturing operations in McDonnell's plant, that agents of both parties toured the plant and identified and located the existence of such hazards to individual painters, that employer agreed to take all steps necessary for the full instruction of its employees as to the existence and location of such hazards and to take and perform all necessary instructions and precautions for the worker's safety and protection, including an obligation on the part of employer to personally instruct each of said painting employees as to the location and existence of such hazards as a prerequisite of their being allowed to begin such painting work in any part of the premises. McDonnell's third party petition also alleged that employer failed to instruct their injured employee or caution him in any way regarding the existence and location of hazards in the McDonnell plant. *McDonnell, supra* at 791–792.

McDonnell's third party petition was dismissed by the circuit court. The Missouri Supreme Court reversed and remanded holding that the Workmen's Compensation Act did not prevent holding the employer liable to indemnify the third party plaintiff for the loss caused it by breach of its duty to the third party plaintiff, which arose by reason of the employer's express agreement to assume and perform it. On the facts the court concluded that McDonnell had entrusted to employer the performance of its nondelegable duty to protect Hartman's employees and employer had agreed to assume and perform this duty and negligently failed to do so.

In the present case defendant alleged in amending its third party petition by interlineation that third party defendant breached its duty to advise Citizens Electric when its employees were to work near the energized lines. Defendant also alleged that this duty arose because of the "special relationship between Lime Company and Electric Company." In response to interrogatories from third party defendant, defendant stated that there was no agreement, written or oral, which required Mississippi Lime Company to notify Citizens Electric Company every time any of its employees were to work near energized lines. Citizens Electric maintained that as a matter of law such requirement would be implied under the evidence to be presented. In addition, in response to interrogatories, defendant stated that the special relationship alleged in its third party petition arose from the contract relation between the parties under which electric services were furnished by defendant to third party defendant. Defendant also stated in its response to interrogatories that at no time in the past had third party defendant notified them that their employees were going to be working with a motor crane in the area of the energized lines.

The requirements of the exception have been more tightly drawn in *Parks v. Union Carbide Corporation*, 602 S.W.2d 188 (Mo.banc 1980) where it was determined that to be within the exception of McDonnell there must be an express promise to indemnify. Such an agreement must contain in clear and unequivocal terms "an intention to indemnify liabilities due to indemnitee's own negligence." *Parks, supra at 191.*

The third party petition of Citizens Electric against Mississippi Lime fails to allege the existence of any clear and unequivocal promise to indemnify. Defendant's third party claim does not fall within the *McDonnell* exception and thus is barred by § 287.120.1.

Finally defendant contends that this interpretation of § 287.120.1 unconstitutionally deprives the third party plaintiff of rights guaranteed under Art. I, § 14 of the Missouri Constitution.[2] The Missouri Supreme Court considered and rejected such a challenge in *State of Missouri ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss, supra* at 491. We therefore find no merit in defendant's contention.

The judgment is affirmed.

PUDLOWSKI, P.J., and GUNN, J., concur.

2. "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay."