**David SWEET and Colleen Sweet, Respondents,**

v.

**HERMAN BROTHERS, INC., and Fruehauf Corporation, Appellants,**

**Herzog Contracting Corporation, Respondent.**

**No. WD 35927.**

Missouri Court of Appeals, Western District.

Feb. 26, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied April 2, 1985.

Application to Transfer Denied April 30, 1985.

John K. Thomas, St. Joseph, for appellant Herman Bros., Inc.

George A. Barton, Kansas City, for Fruehauf Corporation.

Richard A. Heider, St. Joseph, for respondents Sweet.

Jeffrey B. Davison, St. Joseph, for Herzog Contracting Corp.

Before KENNEDY, P.J., and DIXON and LOWENSTEIN, JJ.

KENNEDY, Presiding Judge.

Plaintiff David Sweet was an employee of Herzog Contracting Corporation on September 10, 1981 when he sustained burns from a spill of hot asphalt as he was unloading a tanker truck. He received workers' compensation benefits from Herzog or its insurer. The present action for damages is brought by Sweet and his wife against the owner of the tanker truck, Her-

man Brothers, Inc., and the manufacturer thereof, Fruehauf Corporation. The plaintiffs' petition alleges that a valve on the tanker truck was defective and unreasonably dangerous and that such defect caused Sweet's injuries.

Herman Brothers and Fruehauf, pursuant to leave granted by the court, filed a third-party petition against Herzog, plaintiff David Sweet's employer, alleging that Sweet's injuries were caused in whole or in part by Herzog's negligence, and seeking contribution from Herzog for its proportionate contribution to the total causation of Sweet's injuries.

Later Herzog's motion to dismiss the third-party petition was granted. It is this order of dismissal that is now before us on appeal. The question presented is whether Herzog, under the workers' compensation immunity provision of § 287.120.1, RSMo 1978 is immune from suit for contribution, or if its negligence counts in any way under the comparative fault principles of *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983), and under the provisions of the Uniform Comparative Fault Act which were adopted by the Supreme Court in that case.

■ Employer Herzog says the issue is settled by *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss,* 588 S.W.2d 489 (Mo. banc 1979), which held that the employer's statutory immunity under section 287.120.1 shielded the employer from any liability for contribution under the apportionment of fault doctrine of *Missouri Pacific Railroad v. Whitehead & Kales Co.,* 566 S.W.2d 466 (Mo. banc 1978).

We think Herzog's position is correct and we affirm the trial court's judgment.

*Maryland Heights,* of course, preceded *Gustafson v. Benda.* It is the position of appellants Herman Brothers and Fruehauf that *Gustafson v. Benda* and the provisions of the Uniform Comparative Fault Act have introduced a new approach, and that section 287.120.1 does not any longer furnish an impenetrable shield protecting the workers' compensation employer from

all liability for contribution if his fault contributes to the employee's injury. They suggest three different approaches, which are thus summarized in appellant's brief:

In Point I, appellants suggest that the liability of the defendants should be reduced in accordance with the relative degree of fault of the employer in causing the employee's injury, up to a maximum of the employer's subrogation interest in the employee's lawsuit against the defendants. To the extent the employer is found at fault in causing the employee's injuries, his subrogation interest would be reduced accordingly.

In Point II, defendants propose that they would be liable only for their respective percentages of fault, and that the employer be treated as a released party under § 6 of the Uniform Comparative Fault Act.

In Point III, defendants suggest that contribution be allowed against the employer.

As between the other tortfeasors and the employer, we do not see that *Gustafson v. Benda* has in any way changed the fundamental apportionment of fault principles announced by *Whitehead & Kales,* which were in effect at the time of the *Maryland Heights* decision. All the appealing arguments which Herman Brothers and Fruehauf make for one or the other of the three alternative positions urged upon us were just as relevant under *Whitehead & Kales* before *Gustafson v. Benda* as after the latter decision.

■ There is nothing about *Gustafson v. Benda* or the Uniform Comparative Fault Act which eliminates the principle that liability for contribution depends upon the existence of *actionable* negligence of the defendant toward the plaintiff. In the absence of *actionable* negligence toward the plaintiff, an alleged tortfeasor is not liable to other defendants for contribution. That is a fundamental principle of the apportionment of fault doctrine under *Whitehead & Kales. Kendall v. Sears, Roebuck & Co.,* 634 S.W.2d 176, 179 (Mo. banc 1982); *Safeway Stores v. City of Raytown,* 633

S.W.2d 727, 730 (Mo. banc 1982); *Missouri Pacific Railroad v. Whitehead & Kales Co.,* 566 S.W.2d at 468. And see, for an intelligent discussion of the principle, *Downie v. Kent Products, Inc.,* 420 Mich. 197, 362 N.W.2d 605 (1984). It remains a fundamental principle of the comparative fault system under *Gustafson v. Benda.* Section 4 of the Comparative Fault Act says: "(a) A right of contribution exists between or among two or more persons who are jointly and severally liable upon the same indivisible claim for the same injury, death or harm...." *Gustafson v. Benda,* 661 S.W.2d at 24. Unless the plaintiff has (or had) [1] a cause of action against the person from whom contribution is sought, that person is not liable for contribution to other defendants.

That a workers' compensation employer is not liable for contribution under the Uniform Comparative Fault Act is borne out by the Commissioner's comment to § 6 of the Uniform Comparative Fault Act, which states as follows:

*Worker's compensation.* An injured employee who has received or is entitled to worker's compensation benefits from his employer may ordinarily bring a tort action against a third party, such as the manufacturer of the machine that injured him, and recover for his injury in full. Under the rule in most states, the defendant is not entitled to contribution from the employer, even though the employer was negligent in maintaining the machine or instructing the employee in its use. This casting of the whole loss on the tort defendant may be unfair and greatly in need of legislative adjustment. *It is so affected by the policies underlying the worker's compensation systems, however, and these policies vary so substantially in the several states that it was felt inappropriate to include a sec-*tion *on the problem in a uniform act.* (Emphasis added.)

*Gustafson v. Benda,* 661 S.W.2d at 27.

Thus the Comparative Fault Act refers us back to the "policies underlying the worker's compensation systems ... in the several states". That policy, as expressed in Maryland Heights, is as follows:

We need not examine the breadth and scope of *Whitehead & Kales, supra,* because the question is answered by section 287.120.1, RSMo 1978, which provides:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person....

The statute, supra, is clear and unambiguous. It operates to release the employer from all other liability.

588 S.W.2d at 490.

We affirm the judgment of the trial court.

All concur.

---

**1.** If a plaintiff's *remedy* against a certain tortfeasor is barred by limitations, that tortfeasor may yet be liable to other tortfeasors for contribution. See *State ex rel. General Electric Co. v. Gaertner,* 666 S.W.2d 764 (Mo. banc 1984) and *Rowland v. Skaggs Companies,* 666 S.W.2d 770 (Mo. banc 1984). Presumably *released* tortfeasors are not liable for contribution, Sec. 6 Comparative Fault Act, 661 S.W.2d at 26, putting to rest a degree of confusion about that subject springing from *State ex rel. Tarrasch v. Crow,* 622 S.W.2d 928 (Mo. banc 1981) and later comments in *Kendall v. Sears, Roebuck & Co., supra,* 634 S.W.2d at 181, 182 and in *Gustafson v. Benda,* 661 S.W.2d at 14.