**Robert A. REDFORD, Plaintiff,**

v.

**R.A.F. CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**CARGILL, INC., Third-Party Defendant.**

**No. 84–4321–CV–C–5.**

United States District Court,
W.D. Missouri, C.D.

Aug. 19, 1985.

---

Richard G. Callahan, Rost & Callahan, Charles A. Fain, Jefferson City, Mo., for plaintiff.

Roger K. Toppins, Bartlett, Venters, Pletz & Toppins, Jefferson City, Mo., for defendant and third-party plaintiff.

Kelly Pool, Jefferson City, Mo., for third-party defendant.

## ORDER

SCOTT O. WRIGHT, District Judge.

Before the Court is a motion for summary judgment on behalf of third-party defendant Cargill, Inc. of the third-party complaint filed by defendant and third-party plaintiff R.A.F. Corporation. This litigation involves a products liability claim by the plaintiff against the defendant R.A.F. Corporation in which it is alleged that the defendant manufactured and sold a defective poultry processing machine which caused the plaintiff to sustain personal injuries. The defendant filed a third-party complaint against Cargill, Inc., alleging that Cargill was the employer at the time plaintiff's injuries were sustained and that Cargill's negligence in permitting the plaintiff to operate the processing machine caused the plaintiff's injuries. The defendant's third-party petition does not seek monetary contribution or indemnification from Cargill, but instead requests that Cargill's fault be measured and that the plaintiff's judgment be reduced under the comparative negligence theory commensurate with the relative fault of Cargill.

Cargill contends that it is immunized by virtue of the Missouri Worker's Compensation Act, Mo.Rev.Stat. § 287.120, and that the Act is an absolute bar to a third-party complaint such as the one in the instant case. *See Missouri Public Service Co. v. Henningson Steel Products Co.,* 612 F.2d 363 (8th Cir.1980); *Martin v. Fulton Ironworks,* 640 S.W.2d 491 (Mo.App.1982). In response, the defendant suggests that the

Missouri Supreme Court's adoption of comparative fault and the Uniform Comparative Fault Act in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo.1983), authorizes the third-party complaint. The third-party plaintiff points out that financial contribution is not being sought against the employer. Rather, the third-party plaintiff requests that the employer's percentage of fault be calculated and be applied to reduce the plaintiff's recovery under the comparative fault system.

In *Sweet v. Herman Brothers, Inc.*, 688 S.W.2d 31 (Mo.App.1985) (motion to transfer denied, Mo.App. April 30, 1985), the Missouri Court of Appeals for the Western District held that an employer is immune from a third-party suit for contribution by reason of Workers' Compensation § 287.-120.1, and that an employer's negligence is not subject to assessment under the comparative fault provisions of the Uniform Comparative Fault Act or under the principles of *Gustafson v. Benda*. In *Sweet*, the plaintiffs brought a products liability action against the manufacturer and owner of a tanker truck. The defendants filed a third-party petition against the plaintiff's employer, alleging that the plaintiff's injuries were caused in whole or in part by the employer's negligence. The trial court subsequently sustained the employer's motion to dismiss the third-party petition.

On appeal, the third-party plaintiffs argued alternatively that: (1) their liability should be reduced in accordance with the relative degree of fault of the employer in causing the employee's injury; (2) the third-party plaintiffs should be liable only for their respective percentages of fault, and that the employer be treated as a released party under § 6 of the Uniform Comparative Fault Act; or (3) that financial contribution be allowed against the employer. *Id.* at 32.

The Court of Appeals in *Sweet* rejected the third-party plaintiff's contention and agreed with the employer's argument that "the issue is settled by *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss*, 588 S.W.2d 489 (Mo. banc 1979), which held that the employer's statutory immunity under Section 287.010.1 shielded the employer from any liability for contribution under the apportionment of fault doctrine of *Missouri Pacific Railroad v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978)." *Id.* The Court noted that "[a]s between the other tortfeasors and the employer, we do not see that *Gustafson v. Benda* has in any way changed the fundamental apportionment of fault principles announced by *Whitehead & Kales*, which were in effect at the time of the *Maryland Heights* decision. All of the appealing arguments which [the third-party plaintiffs] make for one or the other of the three alternative positions urged upon us were just as relevant under *Whitehead & Kales* before *Gustafson v. Benda* as after the latter decision." *Id.* The Court in *Sweet* observed that there "is nothing about *Gustafson v. Benda* or the Uniform Comparative Fault Act which eliminates the principle that liability for contribution depends upon the existence of *actionable* negligence of the defendant toward the plaintiff. In the absence of *actionable* negligence toward the plaintiff, an alleged tortfeasor is not liable to other defendants for contribution. That is a fundamental principle of the apportionment of fault doctrine under *Whitehead & Kales*." *Id.* (emphasis original).

It is well-settled that a federal court exercising jurisdiction solely on the basis of diversity of citizenship must apply the substantive law of the forum in which it sits. *Wolgin v. Simon*, 722 F.2d 389, 391 (8th Cir.1983). The responsibility of federal courts in matters of local law in diversity cases " 'is not to formulate the legal mind of the state, but merely to ascertain and apply it.' " *Countryside Casualty Co. v. Orr*, 523 F.2d 870, 874 n. 6 (8th Cir.1975). Under *Sweet*, the law in Missouri is that employers subject to the immunizing provisions of the Worker's Compensation Act are not subject to third-party actions for financial contribution or even for assessment of fault. Accordingly, if the third-party defendant is subject to the provisions

**550**

of Mo.Rev.Stat. § 287.120, that is, if Cargill, Inc. is an "employer" and this case involves personal injury to the plaintiff as an "employee by accident arising out of and in the course of his employment," then summary judgment would be appropriate.

In its suggestions in support of its motion for summary judgment, Cargill notes that both plaintiff and defendant have admitted in their pleadings that plaintiff was an employee of Cargill at the time he was injured. Furthermore, Cargill submitted the affidavit of Jack Albertson, the administrative manager at Cargill who confirmed that plaintiff received workers' compensation as a result of the accident arising out of and in the course of his employment with Cargill. Defendant/third-party plaintiff has failed to respond to the motion for summary judgment. If a movant in a motion for summary judgment submits evidentiary material indicating there is no genuine issue of material fact, it then becomes the responsibility of the opposing party to introduce its own evidentiary material to the contrary. *Morris v. Gaspero*, 522 F.Supp. 121 (E.D.Pa.1981).

Accordingly, it is hereby

ORDERED that third-party defendant Cargill's motion for summary judgment on third-party plaintiff R.A.F. Corporation's third-party complaint is granted. It is further

ORDERED that plaintiff's motion to compel third-party defendant Cargill to answer interrogatories is denied as moot.