SNYDER, Judge.
The issue presented in this appeal is whether an employer may be joined as a third party defendant for purposes of contribution when the employer has previously entered into a compromise settlement agreement with its employee, an agreement which was approved by the Division of Worker’s Compensation pursuant to § 287.390 RSMo.1978. '
Plaintiff Osburg brought suit for personal injuries against defendant Gammon. Gammon joined Davis Catering Company, Inc., Osburg’s employer, as a third party defendant seeking contribution in the event that Gammon was found liable for Os-burg’s personal injuries. Davis filed a motion to dismiss, or in the alternative, a motion for summary judgment based on its statutory immunity under § 287.120.1 RSMo.1978 of the Worker’s Compensation Act. The trial court granted the motion to dismiss the amended third party petition with prejudice.
The order dismissing the cause of action against the third party defendant Davis was designated final and appealable pursuant to Rule 81.06 and appellant Gammon then appealed. The judgment is affirmed.
Osburg filed a claim for compensation with the Division of Worker’s Compensation, the claim arising out of injuries Os-burg sustained when, as a pedestrian, she was struck by a motor vehicle operated by Gammon. Davis’ answer to the claim for compensation denied that Osburg had sustained an accidental injury. A compromise settlement was entered into between Os-burg and Davis, however, whereby Davis paid her $3,200.
Having submitted to the jurisdiction of the Division of Worker’s Compensation, Davis is not subject to contribution because of the statutory immunity afforded by § 287.120.1 RSMo.1978. State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss, 588 S.W.2d 489 (Mo.banc 1979); Sweet v. Herman Brothers, Inc., 688 S.W.2d 31 (Mo.App.1985). Both Os-burg and Davis submitted to the jurisdiction of the Worker’s Compensation Division and entered into the compromise settlement. Having done this, Osburg is forever barred from bringing any common law action against Davis for her injuries. Gammon, from whom Osburg seeks additional damages, is also barred from proceeding against Davis on Gammon’s third party petition. In order for a party to maintain an action for contribution, actionable negligence must exist between the plaintiff and the one from whom contribution is sought. Sweet v. Herman, supra at 32.
The eases cited by appellant, Harryman v. L & N Buick-Pontiac, Inc., 431 S.W.2d 193 (Mo. banc 1968) at 195-196; Peer v. MFA Milling Company, 578 S.W.2d 291 (Mo. banc 1979) at 293-295; Miller v. Municipal Theatre Assn. of St. Louis, 540 S.W.2d 899 (Mo.App.1976) at 903-904, are all distinguishable because in none of the three cases did the Division of Worker’s Compensation take jurisdiction and no benefits were paid.
Appellant also cites two federal cases which are not apposite here because a different law is involved and because the payments made were voluntary. Further, this court is not bound by federal decisions in this field. Martin v. United States, 566 F.2d 895 (U.S.C.A. 4th Cir.1977); Smith v. Service Contracting Inc., 236 F.Supp. 492 (U.S.D.C.E.D.La.1964).
Appellant also argued that his claim against Davis should be heard because a dispute existed between Davis and Osburg as to whether she sustained an accident which arose out of and in the course of her *270 employment. In one part of the stipulation filed in the compromise settlement it said, “Adrienne Osburg, while in the employ of Davis Catering Company sustained an accident allegedly arising out of and in the course of her employment.” Although there may have been a dispute about whether an accident arising out of or in the course of her employment had occurred, a claim was made, an answer filed, the Worker’s Compensation Division took jurisdiction and the employer paid compensation under the law. This effectively bars Os-burg from bringing a common law action against Davis. It follows, therefore, that Gammon cannot obtain contribution from Davis if he is found liable to Osburg.
The judgment is affirmed.
CARL R. GAERTNER, P.J., and SMITH, J., concur.