John R. Clark, Appellant, v. Midwest Bakeries and Macaroni Manufacturing Company, a corporation, d/b/a Roma Baking Company and Roma Bakery and Casualty Reciprocal Exchange, a corporation, Respondents.—201 S. W. (2d) 423.

Kansas City Court of Appeals. Opinion delivered April 7, 1947.

*James B. Nourse,* and *Ted Houx, Jr.,* for appellant.

*James B. Breckenridge, Jr., Richard H. Beeson* and *David P. Dabbs,* for respondents.

20

BLAND, P. J.—This is an action to enforce an attorney's lien. At the conclusion of the evidence the court sustained defendants' motion for a directed verdict, resulting in a verdict and judgment for the defendants. Plaintiff has appealed.

The facts show that on February 25, 1942, one Raymond Vaughn, an employee of the defendant, baking company, sometimes called the Roma Bakery, was seriously injured while at work in the bakery plant in Kansas City; that plaintiff is an attorney-at-law residing in that city; that shortly after Vaughn was injured the latter employed plaintiff to prosecute his claim against his employer under the Workmen's Compensation Act agreeing to pay him 33⅓% of whatever was recovered; that defendant, Casualty Reciprocal Exchange, is the insurance carrier; that plaintiff rendered various legal and social services

to the employee, including the procurement of the advancement of some of the weekly payments that were being made by the insurance carrier to the employee; that he also entered into negotiations with the insurance carrier relative to a settlement of the claim; that on May 7, 1942, plaintiff served notice on one Dye that he was claiming an attorney's lien; that Dye was an employee of the insurance carrier, whom plaintiff claims was also an agent of the employer; that plaintiff learned that two other attorneys were seeking employment from Vaughn; that Vaughn told plaintiff that the two other lawyers were "after him" and the former told the latter to pay no attention to them. However, these attorneys, without plaintiff's knowledge, filed a claim before the Workmen's Compensation Commission on July 7, 1942.

On August 6, 1942, plaintiff entered the military service of the government. He was discharged from the military service in March 1943, upon condition that he enter a defense plant, which he did, and continued working there for 20 months after his discharge.

When plaintiff entered the military service he asked his office associate to look after Vaughn's interests in his absence, but so far as the record shows the associate took no part in the matter, but the case was prosecuted before the Commission by the two attorneys mentioned above. A compromise settlement was reached and approved by the Commission on December 24, 1942. This settlement was in a lump sum award of $5745.19—$745.19 having been theretofore paid to the employee. The balance of the award ($5000) was paid to Vaughn by the insurance carrier. Plaintiff had no knowledge of any of the proceedings before the Compensation Commission and Vaughn never discharged him as his attorney.

On March 25, 1945, plaintiff, having returned to the practice of the law and learning of the award, notified the Workmen's Compensation Commission, by letter, that he was claiming a lien upon the award for his attorney's fee. The matter was duly heard by the Commission and, on June 7, 1945, the claim was denied on the ground that plaintiff had not filed his notice of lien with the Commission for more than two years after the award had been entered and paid. Plaintiff appealed from this adverse ruling and order of the Commission to the Circuit Court of Jackson County, but he later dismissed the appeal.

Plaintiff, in his petition, asks for an enforcement of a lien in the sum of $1666.66.

Plaintiff insists that the court erred in sustaining defendants' motion for a directed verdict, for the reason that plaintiff is entitled to a lien on the award under the provisions of section 13338 R. S. Mo. 1939. Sections 13337 and 13338 are our general attorney's lien statutes. Section 13337 provides for an attorney's lien upon his client's cause of action which attaches to the judgment in the attorney's favor and cannot be affected by any settlement between the parties before

or after judgment. Section 13338 provides that an attorney may lawfully contract for a percentage of the proceeds of a claim arising *ex contractu* or *ex delicto*. It also provides for a notice to be served by the attorney upon the defendant, or the proposed defendant, of the agreement with the client and, when served, the agreement shall operate as a lien upon the claim, cause of action and upon the proceeds of any settlement thereof for such attorney's percentage thereof; that any defendant, or proposed defendant, who shall settle any such claim or cause of action without first procuring the written consent of the attorney shall be liable to such attorney for his lien upon the proceeds of such settlement in accordance with the contract existing between the attorney and his client.

The Workmen's Compensation Act also has a section dealing, among other things, with attorneys' fees and liens therefor. This is section 3711, and reads as follows:

"The compensation payable under this chapter, whether or not it has been awarded or is due, shall not be assignable, shall be exempt from attachment, garnishment, and execution, shall not be subject to set-off or counterclaim, or be in any way liable for any debt and in case of the insolvency of an employer or his insurer, or the levy of an attachment or an execution against an employer or insurer shall be entitled to the same preference and priority as claims for wages, without limit as to time or amount, save that if written notice is given to the commission of the nature and extent thereof, the commission may allow as lien on the compensation, reasonable attorney's fees for services in connection with the proceedings for compensation if such services are found to be necessary and may order the amount thereof paid to the attorney in a lump sum or in installments. All attorney's fees for services in connection with this chapter shall be subject to regulation by the commission and shall be limited to such charges as are fair and reasonable and the commission shall have jurisdiction to hear and determine all disputes concerning the same."

Defendants contend that plaintiff, not having timely complied with the provisions of section 3711, has never had any lien. We are of the opinion that defendants' contention is well taken, and that the court committed no error in directing a verdict for the defendants.

Section 3691 of the Workmen's Compensation Act provides that the compensation provided for under the act shall be in lieu of all other liability on the part of the employer "whether to the employee *or to any other person.*" (Italics ours.) The Compensation Act not only defines "the rights of the employer and the employee, but of third persons as well". [Sharp v. Producers' Produce Co., 47 S. W. (2d) 242, 244.] [See, also, DeMay v. Liberty Foundry Co., 37 S. W. (2d) 640, 645.]

Under the provisions of section 3711 the compensation payable to the employee is not assignable, may not be attached, may not be gar-

nished, may not be levied upon, shall not be liable for any debt except that to his attorney, to the extent that the Commission may allow for the latter's services, and the fees for such services can only become a lien upon the compensation upon its allowance by the Commission after it has notice of the nature and extent thereof by the attorney.

Plaintiff, not having given any timely notice to the Commission and not having had the Commission make an allowance for his services as a lien, is not entitled to any lien.

The provisions of section 3711 are exclusive and the general attorneys' lien statutes, sections 13337 and 13338 are not applicable.

However, plaintiff calls our attention to section 3733 of the Compensation Act providing that, upon the filing of an award by the Commission in the Circuit Court the latter shall render a judgment in accordance therewith, and such judgment shall have the same effect as that of an ordinary final judgment determined by the court, and that the general attorneys' lien statutes are applicable to judgments of the Circuit Court. Plaintiff contends that the provisions of section 3711 are not exclusive as related to the allowance of attorneys' fees; that the provisions of that section are for the benefit of the employee and not the employer or the insurer; that while, by that section, the employee is given his compensation free from all liens and charges, with the exception of attorneys' fees allowed under the provisions of that section, plaintiff, in this action, is not seeking to charge the employee with any lien; that he is merely seeking to recover a judgment against the employer and the insurer under the general lien statute for their failure to observe his lien after due notice had been given them; that the word ''disputes'' as used in section 3711 ''does not refer to disputes between the employer and the insurer on one side and an attorney on the other; but refers to 'disputes' between the employee and the attorney''. Plaintiff says that all of these things go to show that the provisions of section 3711 are a protection for the employee only, insofar as the creation of a lien on the award is concerned.

Plaintiff does not say that, under his theory, if the Commission allows less than the amount provided in the contract of employment the employee is relieved of liability under his contract with the attorney for the difference and, undoubtedly, the employee would remain liable, under plaintiff's theory, to pay his attorney the balance of the full contract amount should the Commission allow as a lien a less amount than the contract called for (although no more than the amount allowed by the Commission could become a lien *as against the client.*) In response to this theory of plaintiff we might say that it would be unusual to find that the person who was the cause of creation of the lien, in the first place, would not continue to be subject to a lien on his cause of action, judgment or award so long as any other

person was liable, including the employer or the insurance carrier. Yet, this might result if the contention of the plaintiff were sustained. However, as a practical matter, the employee would not escape the result of the creation of a lien for the full contract amount even were plaintiff's contention upheld. If it is the law that section 3711 is solely for the benefit of the employee, and its provisions do not supersede the general attorneys' lien statutes, insofar as compensation cases are concerned, then the attorney could elect not to proceed under section 3711, but wait until there has been a final award and insist that the employer and the insurer deduct whatever amount the attorney and the employee had agreed upon as attorney's fees, from the amount of the award, before paying the employee. This would result·in the employee receiving no practical benefit whatever under plaintiff's version of the provisions of section 3711.

It by no means follows that, because the employer and the insurer are not interested in any. dispute between the attorney and the employee as to the former's fee [see Wims v. Hercules Contracting Co., 123 S. W. (2d) 225] section 3711 is not exclusive as to attorneys' liens in compensation cases. The section deals with the question of attorneys' fees, and liens therefor, and its provisions show an intent of the legislature to deal with the subject to the exclusion of other general statutes on the question of attorneys' liens. The section in .question indicates a purpose on the part of the lawmakers to preserve the award against the claims of all persons·except as to attorneys' fees and even then only to the extent the Commission may allow. The award is not subject to the collection of attorneys' fees in any amount save that allowed by the Commission. Not being collectable as against the employee as a lien they are not collectable as against the employer or the insurer.

We have examined the case of Renfro v. Nixon, 45 Pac. (2d) Idaho, 595, cited by the plaintiff. In that case the court held that an attorney may have a lien under the general attorneys' lien statute upon a judgment based on a compensation award. The only statute of Idaho at all like section 3711 of our statute is 43-1502 of the Idaho Code. This ·section reads as follows: ''Assignments and exemptions —Attorneys' and Physicians' fees.—No claims for compensation under this act shall be assignable, and all compensation and claims therefor shall be exempt from all claims by creditors. Claims of attorneys and physicians for· services under this act shall be subject to the approval of the board''.

It can be readily seen that the provision relating to claims for services of attorneys under the Idaho Code is not the same as those provided by section 3711 of our statute. No lien is provided for attorneys' fees in the Workmen's Compensation statute of Idaho and the court applied the general attorneys' lien statute of that state. The court in the Renfro case stated that the amount of the attorney's

fee had been approved by the Industrial Accident Board. Presumably no attorney's fee in a compensation case could become a lien under the general attorneys' lien statute of Idaho unless the claim first had been approved by the board. The attorney's fee claimed in the instant case has never been approved by the Workmen's Compensation Commission. The Renfro case, if anything, is an authority against plaintiff's theory.

From what we have said the judgment should be affirmed, and it is so ordered.

All concur.