DOWD, Presiding Judge.
Defendant, a prior felon, was charged with the unlawful use of a weapon in violation of § 571.030.1(1) RSMo 1981. Prior to trial, defendant made a motion to suppress evidence obtained from him by police officers in a warrantless search. After a pretrial hearing, the court sustained defendant’s motion to suppress evidence. The state’s motion for a rehearing was denied, and the state filed this interlocutory appeal pursuant to § 547.200.1(2) RSMo 1984. The judgment is affirmed.
The state’s single point of error alleges that the trial court incorrectly suppressed *271 the gun seized from defendant by police officers who had entered the building to investigate a possible crime. In support of this contention, the state argues that the officer’s observations gave rise to probable cause to believe that criminal activity was occurring within the building and that while legally on the premises they observed in plain view the incriminating evidence seized from the defendant.
Our review of the interlocutory rulings by the trial court on a motion to suppress evidence is governed by the following precepts. Review of the trial court’s order, the facts, and reasonable inferences arising therefrom, are to be stated favorably to the order challenged on appeal. State v. Giffin, 640 S.W.2d 128, 130 (Mo.1982); State v. Blair, 691 S.W.2d 259, 260 (Mo. banc 1985). Furthermore, the reviewing court is free to disregard contrary evidence and inferences and to affirm the trial court rulings, if the evidence is sufficient to sustain its findings. State v. Blair, 691 S.W.2d at 260.
The trial court’s order suppressed evidence seized from defendant by police officers on October 25, 1984, for the stated reason that the officers had no probable cause to believe that a crime was occurring and therefore, had no right to be on the premises where the suppressed evidence was first observed. The order noted that the officers had not received a report of a crime or suspicious activity, and did not engage in surveillance prior to entering the premises. It is therefore apparent to us that the trial court did not base its order on credibility, but on the insufficiency of the evidence to establish probable cause to believe that a burglary was being committed.
We review the facts and reasonable inferences to be drawn therefrom in the light most favorable to the order of the trial court. Officer Temple, the sole witness at the pretrial hearing, testified on direct examination that he and his partner were on routine patrol on the night of October 25, 1984, at approximately 11:30 p.m. when he saw two black men standing in the alley next to 3810 Carter, a two-story brick building. The first floor of this building contained a tire repair shop. He testified that as they drove past the building, they saw the two men enter the door on the right of the building and start up the stairs to the second story. He stated that he had seen the door on the left leading to the tire repair shop used before, but he had not previously seen anyone enter the door on the right leading to the second floor. Furthermore, he testified that he thought the second floor of the building was vacant because there were no curtains, the windows were broken, and it appeared “unlivable.” The officers then made a U-turn on Carter and returned to the building. They had neither an arrest nor a search warrant. They left the patrol car, entered the right-hand door, and climbed the stairs. He testified that he heard talking from within the apartment as he climbed the stairs. Upon reaching the second floor, he found the door to the apartment open, and saw the two men standing in the front area. He testified that he did not enter the apartment but identified himself as a police officer, and thereupon, the defendant removed a small caliber gun from his waistband and laid it and what appeared to be a marijuana cigarette on the table. The defendant was then arrested and the evidence seized. At this point the police were not aware who owned the building, only later did the officers learn that the defendant’s father owned or rented the building.
On cross examination, Officer Temple testified that he had neither seen the men commit a crime nor engage in suspicious behavior. His suspicion that a burglary could have been occurring was based on his belief that the second floor of the building was vacant and could be utilized to gain entry into the tire shop below. In response to defense counsel’s inquiry, Officer Temple testified that the second floor apartment was furnished, albeit, with makeshift furnishings. Furthermore, he stated that a dim light was on in the front room and he observed one man within seated, the other standing, and heard them talking to each other.
*272 On appeal the state contends that the officers initial intrusion into the building was a justifiable “investigatory stop” based on a reasonable suspicion that criminal activity was occurring. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Lasley, 583 S.W.2d 511, 518 (Mo. banc 1979); State v. Purnell, 621 S.W.2d 277, 285 (Mo.1981). We do not find the Terry stop and frisk doctrine apposite to the facts here. Under Terry where police officers entertain a reasonable suspicion that criminal activity may be afoot, they may stop the suspected person, identify themselves as police officers, require the suspect to identify himself and make reasonable inquiries concerning his activities. State v. Lasley, 583 S.W.2d at 518. The reasonable suspicion needed to justify an investigatory stop does not rise to the level of probable cause to arrest. Id. The standard for a stop and frisk is whether the facts available to the officers at the moment of the seizure warrant a person of reasonable caution in the belief that the action taken was appropriate. Id. citing Terry v. Ohio, 392 U.S. at 21-22, 88 S.Ct. at 1879-80. On the other hand, probable cause to arrest requires knowledge of facts and circumstances sufficient for a prudent person to believe the suspect is committing or has committed an offense. State v. Kroll, 682 S.W.2d 78, 82 (Mo.App.1984); Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1984); United States v. Williams, 604 F.2d 1102, 1122 (8th Cir. 1979).
The record in this case supports the trial court’s finding that there was an insufficient showing that the officers had probable cause to believe that a crime was being committed. Officer Temple’s suspicion of crime was solely based on the fact that he saw two black men enter what he believed to be a vacant apartment above a commercial business late at night. He testified that these facts lead him to suspect that the seemingly vacant top apartment might be used to gain entry into the tire repair shop below. The officers had not received a report of suspicious activity nor observed any suspicious behavior on the part of the men other than the late night entry into the apartment. The facts indicate that the officers could have engaged in surveillance from outside the building to determine whether there was further evidence that a burglary was occurring, rather than entering the dwelling to investigate. We find that the record supports the trial court’s finding that the officers lacked probable cause to believe that a burglary was occurring.
The facts reveal that the officers seized the gun and marijuana cigarette without a valid search warrant. Where, as here, the evidence at a hearing on a motion to suppress, demonstrates a warrantless invasion of private premises, the burden shifts to the state to justify the admissibility of such evidence under an exception to the general rule. State v. Olds, 603 S.W.2d 501, 506 (Mo. banc 1980); State v. Mayes, 654 S.W.2d 926, 936 (Mo.App.1983). The state argues that the evidence seized from defendant is excepted from the warrant requirement because the officers had the right to climb the stairs and thus, be in the position to observe the defendant place the gun and marijuana cigarette on the table in plain view. We disagree. Under the plain view exception to the warrant requirement it must be shown that: (1) the initial intrusion that afforded the authorities “plain view” was lawful; (2) that the discovery of the evidence was inadvertent and; (3) that the incriminating nature of the evidence was immediately apparent. State v. Clark, 592 S.W.2d 709, 713-715 (Mo. banc 1979); State v. Strickland, 609 S.W.2d 392, 395 (Mo. banc 1981). The record does not demonstrate that the State presented sufficient evidence to the court to prove that the initial intrusion affording the authorities “plain view” was lawful. Thus, we do not find that the trial court abused its discretion under these circumstances in granting defendant’s motion to suppress the evidence seized by the officers.
The judgment is affirmed.
CRIST and CRANDALL, JJ., concur.