**STATE of Missouri ex rel. SAFETY ROOFING SYSTEMS, INC., Relator,**

v.

**The Honorable William C. CRAWFORD, Circuit Judge, Division I, Jasper County, Missouri, Respondent.**

#### No. 24956.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 15, 2002.

Bruce R. Levine, Kansas City, for relator.

Malcolm L. Robertson and Phillip D. Greathouse, Joplin, for respondent.

KENNETH W. SHRUM, Judge.

This is an original proceeding in prohibition involving a matter of first impression in Missouri. Broadly stated, the question

presented is whether provisions of the Overhead Power Line Safety Act ("OPLSA") establish an exception to the otherwise exclusive liability provisions prescribed by the Workers' Compensation Law ("WCL") for an employer allegedly subject to both enactments.[1] Based on this record, we answer that question, "yes." We quash the preliminary writ previously issued.

The following is the background to this writ case. Bryan Householder ("Employee") was injured on the job when a piece of metal trim he was handling came into contact with an energized, high-voltage, overhead electrical line owned and operated by the City of Carthage ("City"). At the time, Employee was working for Safety Roofing Systems, Inc. ("Employer"). Employee filed and settled a workers' compensation claim against Employer; he then sued City and another party for his personal injuries and claimed they were negligent.

City promptly filed a third-party petition against Employer seeking contribution from it based on the OPLSA. In part, City's third-party petition alleged that Employee's accident happened while he was working within ten feet, or less, of City's electric transmission line, and Employer did not notify City that work was being done this close to its line. The petition also alleged that the failure to notify City so it could take safety measures violated the OPLSA, and such violation entitled City to contribution from Employer for any recovery by Employee in his tort claim against City.

Employer moved for dismissal of City's third-party petition and claimed that the exclusivity provisions of Missouri's WCL barred City's claim for contribution. The trial judge ("Respondent") overruled Employer's motion to dismiss. Thereon, Employer filed its original petition with this court asking that we prohibit Respondent from trying City's third-party contribution claim against it. Employer insisted Respondent did not have subject matter jurisdiction over City's contribution claim because of the WCL.

Respondent claims he correctly ruled Employer's motion to dismiss and cites certain sections of the OPLSA as authority for the notion that City can assert a contribution claim against Employer. First, § 319.080 of the act prohibits anyone from moving materials that conduct electricity within ten feet of a high voltage electrical line without complying with § 319.083. Second, under § 319.083, an entity that intends to work "in closer proximity to any high voltage overhead lines than is permitted" by the OPLSA must notify the appropriate public utility and make safety arrangements with the utility before proceeding with the proposed work. Finally, § 319.085 provides the penalties for violating the OPLSA as follows:

"If a violation of any of the provisions of sections 319.075 to 319.090 results in physical or electrical contact with any high voltage overhead line such violation *shall be a rebuttable presumption of negligence on the part of the violator* in the event such violation shall cause injury, loss or damage, and, *notwithstanding any other law to the contrary*, the public utility shall have the right of contribution against any such violator. In *addition to any penalties provided herein*, liability under common law may apply." (Emphasis supplied.)

1. The OPLSA is found in §§ 319.075–319.090, RSMo (2000), and the WCL in §§ 287.010–287.811, RSMo (2000). Other statutory references herein are to RSMo (2000), unless stated otherwise.

Employer counters this argument by citing the "exclusivity" provisions of the WCL, §§ 287.120.1–2,[2] and caselaw interpreting those subsections which Employer claims compels a finding that Respondent should be prohibited from trying the contribution claim. Employer reasons that the WCL is the exclusive means for imposing liability upon an employer for a work-related injury and precludes City from seeking contribution from Employer despite the OPLSA. Employer insists that the legislature never intended the contribution language of the OPLSA as an exception to the exclusivity provisions of the WCL.

Generally, Missouri's WCL serves to immunize an employer from any responsibility for its employees' on-the-job injuries, except for the liability imposed by the WCL. *Linsin v. Citizens Elec. Co.*, 622 S.W.2d 277, 279 (Mo.App.1981). When the WCL is implicated, it supplants all common law rights of an employee, *Sexton v. Jenkins & Associates, Inc.*, 41 S.W.3d 1, 4[9] (Mo.App.2000), and deprives a circuit court of subject matter jurisdiction over any suit by an employee against his or her employer for on-the-job injuries. *State ex rel. Taylor v. Wallace*, 73 S.W.3d 620, 621[1] (Mo.banc 2002).

Moreover, the WCL not only defines the rights of employers and employees, but those of third persons as well. *Clark v. Midwest Bakeries & Macaroni Mfg. Co.*, 240 Mo.App. 18, 201 S.W.2d 423, 425[1] (Mo.App.1947). Thus, in *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss*, 588 S.W.2d 489 (Mo. banc 1979), the court held the WCL prevented a third-party tortfeasor from seeking contribution from an employer after its employee sued the third-party in tort. *Id.* at 490[1]. Likewise, in *Osburg v. Gammon*, 704 S.W.2d 268 (Mo.App.1986), the court held that, once the WCL was involved, the employer could not be named as a third-party defendant for contribution purposes in an employee's tort suit against a non-employer party. *Id.* at 269. The *Osburg* court explained: "In order for a party to maintain an action for contribution, actionable negligence must exist between the plaintiff and the one from whom contribution is sought." *Id.* Similarly, in *Sweet v. Herman Brothers, Inc.*, 688 S.W.2d 31 (Mo.App.1985), the court held that the provisions found in § 287.120 immunized an employer from suit for contribution by a non-employer who was defending a tort claim by a plaintiff-employee injured in an on-the-job accident. *Id.* at 32[1]. Employer insists these cases mandate we prohibit Respondent from trying City's third-party petition.

On the other hand, Respondent points out that the exclusivity provisions of Missouri's WCL are not inviolable and exceptions have been recognized. In *McDonnell Aircraft Corp. v. Hartman-Hanks Walsh Painting Co.*, 323 S.W.2d 788 (Mo. 1959), the supreme court allowed a non-employer defendant to bring an indemnity action against the employer of the injured employee. The basis for the decision was the fact that the employer defendant (Hartman) had breached a duty it expressly agreed to perform via contract with the non-employer (McDonnell). The court reasoned that McDonnell (the non-employer defendant seeking indemnity) did not sue for damages on account of such acci-

**2.** Section 287.120.1 of the WCL provides that "[e]very employer subject to the provisions of this chapter ... shall be released from all other liability therefor whatsoever...." Also, § 287.120.2 reveals that "[t]he rights and remedies ... granted to an employee [by the WCL] shall exclude all other rights and remedies of the employee ... at common law or otherwise, on account of such accidental injury...."

dental injury to the employee. *Id.* at 795–96. The court continued:

"We think the language of Sec. 287.120(1) 'shall be released from all other liability *therefor* whatsoever,' means all other liability 'for personal injury or death of the employee'; and does not mean liability for breach of an independent duty or obligation owed to a third party by an employer whose liability for injury to his employee is under the compensation act. It seems unlikely that workmen's compensation acts were intended to affect the rights of third parties outside of the employer-employee relationship."

. . . .

"[I]n the situation alleged in this case, of an express agreement by Hartman to perform the duty of McDonnell to warn and protect Hartman's employees, we think it reasonable to rule that the [WCL] does not prevent holding Hartman liable to indemnify McDonnell for loss caused McDonnell by the breach of its duty to McDonnell which arose by reason of Hartman's express agreement to assume and perform it. Such a ruling does not hold the employer liable for the personal injury or death of his employee but instead holds him liable for the breach of an independent duty to a third party which he expressly agreed to perform."

*Id.* at 796[9,10].

A cursory reading of these two statutes, i.e., the contribution provision of the OPLSA and the exclusivity provisions of the WCL, suggests an irreconcilable conflict between them. However, when two statutes appear on their face to be in conflict, "the [c]ourt's duty is to attempt to reconcile the statutes and apply them both." *County of Jefferson v. Quiktrip Corp.*, 912 S.W.2d 487, 490[2] (Mo.banc 1995). When statutes conflict, " '[a] chro-nologically later statute, which functions in a particular way will prevail over an earlier statute of a more general nature, and the latter statute will be regarded as an exception to or qualification of the earlier general statute.' " *Lett v. City of St. Louis*, 948 S.W.2d 614, 619[16] (Mo.App. 1996) (citations omitted). Here, the OPLSA (which functions in a more particular manner) is the later enactment and, as such, prevails over the more general, earlier WCL enactment. Construing the OPLSA contribution provision as an exception to the exclusivity provisions of the WCL permits the two statutes to be given a harmonious interpretation and is the only rational way to reconcile the seeming conflict between them. *See Quiktrip*, 912 S.W.2d at 490; *Lett*, 948 S.W.2d at 619.

Any different construction would require this court to presume the legislature, when enacting the OPLSA, gave no consideration to the existing law. This we will not do, nor will we presume that the legislature enacts meaningless provisions. *In re R.T.T.*, 26 S.W.3d 830, 836[11] (Mo. App.2000). To the contrary, it is a fundamental precept of statutory construction that courts presume the legislature, when enacting new legislation, acts with knowledge of the subject matter, surrounding circumstances, existing law, and the purpose and object to be accomplished. *See Greenbriar Hills Country Club v. Director of Revenue*, 47 S.W.3d 346, 352[5] (Mo. banc 2001); *Person v. Scullin Steel Co.*, 523 S.W.2d 801, 803[1] (Mo.banc 1975); *Burns v. Elk River Ambulance, Inc.*, 55 S.W.3d 466, 486[50, 51] (Mo.App.2001).

Therefore, we presume the legislature knew of *McDonnell* and its progeny and the implication of those cases, namely, that the exclusivity provisions of the WCL were not absolute and did not, in every instance, confine an employer's liability to that imposed by the WCL. Knowing of the

*McDonnell* case and its reasoning, the legislature could have exempted any employer subject to the WCL from the OPLSA requirements. However, it chose not to do so; to the contrary, the legislature made the OPLSA provisions applicable to *any entity* who, while working within ten feet of any high-voltage line, fails to notify the owner and operator of the line and make appropriate arrangements so that the work can be safely performed. § 319.083. Moreover, *any party* violating the OPLSA is presumptively negligent, and when violation thereof causes injury, "the public utility shall have the right of contribution against any such violator." § 319.085. Finally, we note the legislature mandated contribution as a penalty for violation of the OPLSA, *"notwithstanding any other law to the contrary."* § 319.085 (emphasis supplied). It could not have spoken more clearly.

Here, City's third-party petition sought contribution from Employer based solely on a claim that Employer breached its § 319.083 duty.[3] As such, City's suit is based strictly on a legislative enactment. If permitted and successful, such an action does not hold the employer liable for the personal injury or death of its employee, nor is it an action "on account" of an employee's injury or death within the meaning of the WCL and cases interpreting that act. Rather, it holds the employer liable for the separate breach of the employer's independent duty that has been legislatively imposed by the OPLSA. *See McDonnell,* 323 S.W.2d at 796. *See also Nevada Power Co. v. Haggerty,* 115 Nev. 353, 989 P.2d 870, 877 (1999); *Flint Elec. Membership Corp. v. Ed Smith Const. Co.,* 270 Ga. 464, 511 S.E.2d 160, 162 (1999); *Travelers Insurance Co. v. L.V. French Truck Service, Inc.,* 770 P.2d 551, 554 (Okla.1988); *Tucson Elec. Power Co. v. Swengel Robbins Const. Co.,* 153 Ariz. 486, 737 P.2d 1385, 1388 (1987); *Houston Lighting & Power Co. v. Eller Outdoor Advertising Co. of Texas,* 635 S.W.2d 133, 134–35 (Tex.App.1982).[4] As such, it is an action comparable to the contractual indemnity actions that the Supreme Court of Missouri has recognized as an exception to the exclusivity provisions of the WCL. *See McDonnell,* 323 S.W.2d at 796. The reasoning of the *McDonnell* case, the presumption that the legislature acted with full knowledge thereof when it adopted the OPLSA, and the guidance provided by the majority of courts from other states addressing this issue confirms our belief that the legislature intended the contribution provisions of the OPLSA as exceptions to the exclusivity provisions of the WCL.

We hold that the OPLSA allowed City to seek contribution from Employer based on City's allegation that Employer violated its independent statutory duty to notify City

---

3. There are no allegations in City's third-party petition that seek to penalize Relator based on "liability under common law." *See* § 319.085. As worded, City's petition claims entitlement to contribution based solely on the allegation that Employer breached its § 319.083 duty to notify City and make safety arrangements before putting Employee to work in closer proximity than ten feet to the high voltage line.

4. The cases from other states which we cite with approval resolved conflicts between the respective states' earlier workers' compensation acts and the overhead power line safety legislation enacted later. Each foreign case cited held that contribution or indemnity actions sanctioned by the power line acts *were not* barred by exclusivity provisions of the earlier workers' compensation acts. *Contra Rodriquez v. Nurseries, Inc.,* 815 P.2d 1006, 1008 (Colo.App.1991). Although cases from other jurisdictions are not conclusive or binding precedent, they can provide useful and insightful guidance on matters of first impression. *Pacesetter Corp. v. Labor and Indus. Relations Comm.,* 884 S.W.2d 295, 297–98 (Mo.App.1994).

that its employees would be working within ten feet or less of City's line. Consequently, the trial court has authority to try City's claim for contribution.[5]

The preliminary writ is quashed.

PARRISH, J., and RAHMEYER, C.J., concur.

**5.** Our holding is confined to the facts of this case. City's third-party petition did not seek to impose "liability under the common law" (as mentioned in § 319.085). This opinion

should not be read as indicating, one way or the other, the outcome of Employer's writ application had City invoked the "common law" penalty.