

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| COLIN RUMPSA, | ) | No. ED113002 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | |
| | ) | Honorable Joseph A. Rathert |
| JEFFERSON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, ET AL., | ) | |
| | ) | |
| Respondents. | ) | FILED: September 2, 2025 |

Following the termination of his employment as a deputy with the Jefferson County Sheriff's Department, Colin Rumpsa filed a lawsuit against the Department, the Sheriff of Jefferson County, and the individual members of the county's Merit Commission (collectively, "Defendants") seeking judicial enforcement of his rights under section 590.502,[1] known as the Law Enforcement Officers' Bill of Rights ("LEOBOR"). Defendants moved to dismiss the petition on the ground that Rumpsa's claims were barred by the one-year statute of limitations in section 590.502.10. The circuit court granted the motion, and Rumpsa appeals. The judgment is affirmed.

---

[1]All statutory references are to RSMo (Cum. Supp. 2022), unless otherwise indicated.

**Background**

Enacted in 2021, the LEOBOR provides law enforcement officers certain rights when they are undergoing disciplinary proceedings. Section 590.502.2 sets forth the requirements for conducting "administrative investigation or . . . questioning that the officer reasonably believes could lead to disciplinary action, demotion, dismissal, transfer, or placement on a status that could lead to economic loss[.]" Among other things, the officer "shall be" informed of the allegations in writing and provided a copy of the complaint prior to any interview. Section 590.502.2(1). The LEOBOR also grants officers who are "suspended without pay, demoted, terminated, transferred, or placed on a status resulting in economic loss" the right to a "full due process hearing" and seven days' notice of the date and time. Section 590.502.3.

On July 11, 2023, Rumpsa filed his petition, the allegations of which we accept as true for purposes of our review. *See McCullen v. O'Grady*, 670 S.W.3d 94, 100 (Mo. App. E.D. 2023). Rumpsa alleged that the Department interviewed him on May 21, 2022, as part of an administrative investigation, without first giving him written notice of the allegations against him or a copy of the complaint. On June 23, 2022, the Department terminated Rumpsa's employment. He appealed the termination decision to the county's Merit Commission. On July 2, 2022, Rumpsa received written notice that the Merit Commission had scheduled a due process hearing six days later on July 8, 2022. At the hearing, the petition averred, the Department "presented the written file compiled during the investigation," "called no witnesses and did not afford [Rumpsa] the opportunity to a full due process hearing." On July 14, 2022, the Merit Commission notified Rumpsa of its decision to uphold his termination. Rumpsa's petition asserted that Defendants violated the LEOBOR by (1) failing to provide him the complaint prior to his interview, (2) failing to give him seven days' notice of the due process hearing, and (3) failing to call witnesses and

2

present evidence. He sought a preliminary and permanent injunction preventing the Department from enforcing his termination and a judgment declaring that the termination was void, along with his costs.

Defendants filed a motion to dismiss the petition on the ground that it was filed outside the limitations period set forth in section 590.502.10, which provides that "[a] lawsuit for enforcement shall be brought within one year from which the violation is ascertainable." According to Defendants, each of the specific violations alleged by Rumpsa was ascertainable more than a year before he filed his petition—the failure to provide Rumpsa the complaint was ascertainable by the date of his interview, and the alleged failures regarding the due process hearing were ascertainable by the date of the hearing. Because the latter of those dates was July 8, 2022, Defendants contended, Rumpsa's cause of action filed on July 11, 2023 was time-barred. In response, Rumpsa argued that the violations were not ascertainable until he sustained damage as a result of those violations, namely when the Merit Commission notified him of its decision upholding his termination on July 14, 2022. The circuit court granted the motion to dismiss and entered a judgment of dismissal. Rumpsa now appeals.

## Standard of Review

This Court reviews de novo the grant of a motion to dismiss on the ground that a cause of action is barred by the statute of limitations. *Laramore v. Jacobsen*, 613 S.W.3d 466, 469 (Mo. App. E.D. 2020).

## Discussion

The interpretation of the LEOBOR's statute of limitations is a matter of first impression. As with any statute, we must determine the legislature's intent by considering the plain and ordinary meaning of its terms. *Id*. at 470. In doing so, we presume that when the legislature enacts

a statute, it does so with knowledge of existing laws, including how the terms it uses in that enactment have been judicially interpreted. *Citizens Elec. Corp. v. Dir. of Dep't of Revenue*, 766 S.W.2d 450, 452 (Mo. banc 1989); *State ex rel. Safety Roofing Sys., Inc. v. Crawford*, 86 S.W.3d 488, 492-93 (Mo. App. S.D. 2002). This Court can neither add words to a statute nor adopt an interpretation that would render the legislature's chosen statutory language meaningless. *Missouri State Conf. of NAACP v. State*, 607 S.W.3d 728, 733 (Mo. banc 2020) (per curiam); *Pirtle v. Cook*, 956 S.W.2d 235, 245 n.4 (Mo. banc 1997).

As noted, the LEOBOR imposes requirements on both the administrative investigation of an officer's alleged misconduct and the due process hearing to which an officer subjected to certain negative employment actions is entitled. Section 590.502.2-3. The LEOBOR provides that an "aggrieved law enforcement officer or authorized representative may seek judicial enforcement of the requirements of this section." Section 590.502.9. If a preponderance of the evidence shows that there has been a violation of those requirements, "a court shall void any action taken in violation of this section" and "may also award the law enforcement officer the costs of bringing the suit including, but not limited to, attorneys' fees." Section 590.502.10. "A lawsuit for enforcement shall be brought within one year from which the violation is ascertainable." *Id*.

Defendants contend the alleged violations in this case were ascertainable, at the latest, on July 8, 2022, the date of the due process hearing, at which point Rumpsa knew or could have known that (1) he had not been given a complaint prior to his investigative interview, (2) he had not received seven days' notice of the hearing, and (3) he had not been afforded full due process at the hearing. For his part, Rumpsa does not claim the violations themselves were not ascertainable by that date; he instead argues that his cause of action did not accrue and start the limitations period until he sustained damage resulting from those violations. Rumpsa asserts that

4

"the damage" in this case occurred on July 14, 2022, when the Merit Commission upheld his termination, which is the "action taken in violation" of the LEOBOR that his lawsuit sought to void. According to Rumpsa, until some disciplinary action is taken against an officer after an administrative investigation or an officer's negative employment action is upheld after a due process hearing, violations of the LEOBOR are "nominal" and can still be "cured" and therefore the officer is not yet "aggrieved" by those violations.[2]

Rumpsa's interpretation of the specific statute of limitations in the LEOBOR incorrectly relies on the accrual standard for civil actions that are subject to the general statutes of limitations: "for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment[.]" Section 516.100.[3]

Section 516.100 clearly does not apply to the LEOBOR's specific statute of limitations set forth in section 590.502.10. The accrual standard in section 516.100 "is expressly limited" by its own terms to sections 516.100 to 516.370, which set the limitations periods for certain civil causes of action. *Richest v. City of Kansas City*, 643 S.W.3d 610, 613-14, 617 (Mo. App. W.D. 2022). Further, section 516.300 provides that "sections 516.010 to 516.370 *shall not extend* to any action which is or shall be otherwise limited by any statute[.]" (emphasis added). Actions under the LEOBOR are "otherwise limited" by section 590.502.10 and are therefore outside the reach of section 516.100. *See id*. at 617 (holding that section 516.100, and cases decided thereunder, do not apply to the statute of limitations for whistleblower actions in section 105.055.7 RSMo (2016)); *see also Nolan v. Kolar*, 629 S.W.2d 661, 663-64 (Mo. App. E.D. 1982) (holding that

---

[2] Rumpsa does not claim that the limitations period in section 590.502.10 must be tolled while an officer exhausts the due process hearing remedy afforded by the LEOBOR; rather, he argues only that the period *did not begin to run* in his case until that hearing resulted in a final termination decision.

[3] All references to the sections in Chapter 516 are to RSMo (2016).

section 516.100 does not apply to actions governed by the statutes of limitations in sections 516.400 and 516.420).

We presume the legislature was aware of the limiting language in sections 516.100 and 516.300 and understood that the damage-based accrual standard for the general statutes of limitations would not automatically apply to the specific statute of limitations it was enacting in the LEOBOR. *See Safety Roofing*, 86 S.W.3d at 492-93. If the legislature intended for a cause of action under the LEOBOR to accrue when the damage was sustained and capable of ascertainment, it would have used language to that effect. *See, e.g.*, section 393.510 RSMo (2016) (employing the same language as the accrual standard in section 516.100 for actions under that statute).

But instead of using language in the LEOBOR that tracks the damage-based accrual standard in section 516.100, the legislature chose a violation-based accrual standard—one that is nearly identical to the Sunshine Law's statute of limitations. Like the LEOBOR, the Sunshine Law provides that "[a]ny aggrieved person . . . may seek judicial enforcement" of its requirements, that the court may "void any action taken in violation" of its requirements, and that the suit for enforcement "shall be brought within one year from which the violation is ascertainable." *Compare* sections 590.502.9-10 *with* sections 610.027.1 and 610.027.5 RSMo (2016).[4] In *Missouri Landowners All. v. Grain Belt Express Clean Line LLC*, 561 S.W.3d 39, 46-47 (Mo. App. W.D. 2018), the court held that a Sunshine Law violation is ascertainable when it "could have been discovered or was made known, or when a reasonable person would have been put on notice that a violation may have occurred and would have undertaken to ascertain the extent of the violation." *Id.* at 47. Although the court formulated this test with *guidance* from case law holding that the "capable of ascertainment" standard under section 516.100 is an objective one, it did not *apply* a

---

[4] Section 610.027.5 adds that a lawsuit shall "in no event" be brought "later than two years after the violation."

6

damage-based accrual test. *Id.* at 46-47. The plaintiffs in *Missouri Landowners* sought to void an action taken at a meeting because the agenda and minutes did not comply with the Sunshine Law's requirements. *Id.* at 42-43. While the action sought to be voided and the violations at issue "happened to be" ascertainable at the same time, the court made it clear that "the event that triggered the running of the statute was when the . . . Sunshine Law violation became ascertainable," *not* when the action taken at the meeting became ascertainable. *Id.* at 47. Ultimately, the court concluded the claims were time-barred because "both Sunshine Law violations could have been discovered" more than a year before the plaintiffs filed suit. *Id.*

We presume the legislature was aware of the *Missouri Landowners* court's interpretation of the phrase "violation is ascertainable." *See Citizens Elec. Corp.*, 766 S.W.2d at 452. By using that phrase in section 590.502.10, the legislature indicated its intent that, as with the Sunshine Law, the limitations period in the LEOBOR is triggered when the violation itself is ascertainable, not when the action sought to be voided or any other resulting damage is ascertainable. Rumpsa's proffered interpretation—that the limitations period does not begin unless and until the officer is damaged by a negative employment action taken *after* the violation occurred during the investigation or at the due process hearing—is contrary to the legislature's intent. Adopting such an interpretation would also render the phrase "one year from which the violation is ascertainable" meaningless, which we cannot do. *See Pirtle*, 956 S.W.2d at 245 n.4. Nor can we add words to section 590.502.10 so that it reads the way Rumpsa posits: that the lawsuit must be brought within one year from when "*the damage resulting from* the violation" or "the *action taken in* violation" is ascertainable. *See Missouri State Conf. of NAACP*, 607 S.W.3d at 733.[5]

---

[5] In his reply brief, Rumpsa raises a new argument: his termination deprived him of his property right in continued public employment. Citing to federal case law, he contends the deprivation was not complete until the Merit Commission made its final termination decision. Only at that point, Rumpsa asserts, was he not provided a suitable post-deprivation remedy commensurate with the requirements of procedural due process. We do not consider

7

We conclude that the standard set forth in *Missouri Landowners* for when a Sunshine Law violation is ascertainable is the proper test for determining when a violation of the LEOBOR is ascertainable: "when the violation could have been discovered or was made known, or when a reasonable person would have been put on notice that a violation may have occurred and would have undertaken to ascertain the extent of the violation."[6]  561 S.W.3d at 47.  Applying this standard, we determine that the violations Rumpsa alleged were all ascertainable more than one year before he filed his petition on July 11, 2023: on the date of his interview, May 21, 2022, Rumpsa knew or could have discovered that he had not been provided a copy of the complaint against him; on the date he received the notice of his due process hearing, July 2, 2022, Rumpsa knew or could have discovered that the hearing was only six days later; and by the conclusion of that hearing on July 8, 2022, Rumpsa knew or could have discovered that Defendants had not presented any evidence or witnesses.  A reasonable person would have been on notice on each of those dates that a violation of the LEOBOR might have occurred and would have undertaken to determine the extent of the violation.  Rumpsa's cause of action is barred by the statute of limitations in section 590.502.10, and the circuit court properly dismissed his petition.  Point denied.

---

arguments raised for the first time in a reply brief.  *See Kline v. Div. of Emp. Sec.*, 662 S.W.3d 158, 161 n.2 (Mo. App. E.D. 2023).  In any event, this argument fails for the same reason the others do: by the plain language of section 590.502.10, the limitations period does not begin when the termination is final—or when the deprivation is complete— but when the *violation* is ascertainable.

[6] Under this standard, it is possible that an officer's cause of action could accrue the moment the violation occurs, which may entitle the officer to immediately file an action to judicially enforce the LEOBOR requirement that was violated.  *See* section 590.502.9.  We do not believe this possibility is an absurd or illogical result, such that we should ignore our obligation to give effect to the plain language of the statute.  *See Yount v. Keller Motors, Inc.*, 639 S.W.3d 458, 464-65 (Mo. App. E.D. 2021).  If the legislature did not intend such a result, it has the power to amend that language.  But this Court does not.

8

**Conclusion**

For the foregoing reasons, the judgment is affirmed.

_____
MICHAEL E. GARDNER, Judge

Robert M. Clayton III, P.J., concurs.
Angela T. Quigless, J., concurs.